# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | Case No. 1:15-cv-01746-DAD-BAM (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| CLARK, et al., | (ECF Nos. 2, 7, 9) |
| Defendants. | |

Plaintiff Jesse L. Youngblood, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 18, 2015. The same day, Plaintiff filed a motion to proceed in forma pauperis. (ECF No. 2.) He filed a duplicate of that application a few weeks later. (ECF No. 7.) Plaintiff was ordered to file a corrected application, (ECF No. 5), and he did so on December 18, 2015, (ECF No. 9.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1] The determination of whether Plaintiff is under imminent danger of serious

---

[1] Plaintiff has at least three dismissals which qualify as final strikes under section 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011). The Court takes judicial notice of the following United States District Court cases: Youngblood v. State of California, et al., 2:05-cv-0727-LKK-DAD (E.D. Cal.) (dismissed for failure to state a

physical injury is made based on the conditions at the time the complaint is filed, and the allegation of imminent danger must be plausible. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

Plaintiff's complaint sufficiently demonstrates he was under imminent danger of serious physical injury at the time his complaint was filed. Plaintiff claims that he sustained acute injuries to his back, neck, and shoulder, and is not receiving sufficient treatment, resulting in continuing and ongoing pain, suffering, anguish, and stress. Plaintiff alleges that he will continue to suffer harm without the treatment he requires, and seeks, in part, injunctive relief to be provided that treatment. Based on these allegations, the Court finds that Plaintiff meets the imminent danger exception, and is not precluded by 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to proceed in forma pauperis (ECF Nos. 2, 7, 9) is GRANTED.

IT IS SO ORDERED.

Dated:   **December 21, 2015**          /s/ Barbara A. McAuliffe            
                                        UNITED STATES MAGISTRATE JUDGE

---

claim on September 11, 2006); <u>Youngblood v. Chico Parole Outpatient Clinic, et al.</u>, 2:11-cv-2159-GGH (N.D. Cal.) (dismissed for failure to state a claim on October 21, 2011); <u>Youngblood v. State of California, et al.</u>, 4:11-cv-4064-PJH (N.D. Cal.) (dismissed for failure to state a claim on March 16, 2012); <u>Youngblood v. Warden</u>, 4:12-cv-4423-PJH (N.D. Cal.) (dismissed for failure to state a claim and for frivolousness on February 4, 2013); <u>Youngblood v. Feather Falls Casino</u>, 4:13-cv-128-PJH (N.D. Cal.) (dismissed for failure to state a claim and for frivolousness on February 28, 2013); <u>Youngblood v. Evans, et al.</u>, 4:13-cv-2097-PJH (N.D. Cal.) (dismissed for failure to state a claim and for frivolousness on May 14, 2013); and <u>Youngblood v. Warden, et al.</u>, 4:13-cv-4366-PJH (N.D. Cal.) (dismissed for failure to state a claim on November 12, 2013).