# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01746-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 3)<br><br>**FOURTEEN-DAY DEADLINE** |

**FINDINGS AND RECOMMENDATION**

### I.      Introduction

Plaintiff Jesse L. Youngblood ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's "application" for injunctive and other relief. (ECF No. 3.) Plaintiff states that he seeks for "this civil/federal civil rights action to be granted in full and recall or reinstate this miscellaneous - civil case for good causes within proper subject jurisdiction and I rebuke against all opposing parties in this entitled -within causes of actions." (Id. at 3.)

### II.     Motion for Injunctive Relief

#### A.      Standards

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the

positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

### B.   Analysis

Although not entirely clear, it appears Plaintiff seeks for a judgment to be entered in his favor in this action through his motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

In this matter, Plaintiff's most-recent amended complaint has not yet been screened. No defendant has been ordered served, and no defendant has yet made an appearance. Thus, at this time, this matter does not yet proceed on any cognizable claims. Plaintiff's amended complaint will be screened in due course.

### III.   Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief (ECF No. 3), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

1  Findings and Recommendation." Plaintiff is advised that failure to file objections within the
2  specified time may result in the waiver of the "right to challenge the magistrate's factual findings"
3  on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923
4  F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 6, 2016**          /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE