UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01746-DAD-BAM (PC)<br><br>ORDER DISREGARDING PLAINTIFF'S NOTICE OF APPEAL<br>(ECF No. 14)<br><br>SCREENING ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 8) |

Plaintiff Jesse L. Youngblood ("Plaintiff"), a state prisoner, proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint in this action on November 18, 2015, along with a motion for injunctive and other relief, including seeking a judgment in his favor. (ECF Nos. 1, 3.) Plaintiff filed a first amended complaint on December 4, 2015. (ECF No. 8.)

**I.    Plaintiff's Notice of Appeal**

On November 3, 2016, the Court denied Plaintiff's motion for injunctive and other relief because Plaintiff's most-recent amended complaint had not yet been screened to determine if he stated any cognizable claim for relief and no defendant had made an appearance in this action. (ECF Nos. 11, 13.) On November 22, 2016, Plaintiff filed a document titled "Notice of Appeal." (ECF No. 14.)

Although the "notice" refers to Federal Rule of Civil Procedure 60 and several California Penal Code sections, it does not include any argument or requested form of relief, and the Court cannot ascertain whether Plaintiff is requesting reconsideration by this Court or seeking to appeal a particular ruling to the Ninth Circuit. The purported notice is insufficient to support either request.

For these reasons, Plaintiff's notice of appeal shall be disregarded. Plaintiff is not precluded from seeking reconsideration pursuant to Federal Rule of Civil Procedure 60 or requesting certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). However, any such request must be made in the form of a motion and, more importantly, set forth the basis for the motion, the order to be reconsidered or appealed, and the relief sought.

## II. Screening Requirement and Standard

Plaintiff's first amended complaint, filed on December 4, 2015, is currently before the Court for screening. (ECF No. 8.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the

misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**A. Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Corcoran ("CSP-Corcoran"), where the events in the complaint are alleged to have occurred. Plaintiff names Dr. Clark, Dr. Jeffrey Wang, Dr. Wang and John and Jane Does as defendants. In summary, Plaintiff alleges that he sustained acute injuries to his back, neck and shoulder while being transferred to R. J. Donovan Prison on December 23, 2010. After arriving at R. J. Donovan, Plaintiff submitted a CDCR 602 Form and a Medical Form for a reasonable accommodation seeking medication, a back brace and lower tier chrono from an unknown doctor ("John Doe 1") at R. J. Donovan. The doctor ordered x-rays and prescribed Tylenol for pain management, but denied the chrono and back brace. A second unknown doctor ("John Doe 2") at R. J. Donovan prescribed Tylenol and denied the chrono and back brace. Plaintiff allegedly made other requests to a third unknown doctor ("Jane Doe 1") at R. J. Donovan, who prescribed Tylenol, but no other treatment in 2011/2012, such as a chrono or back brace.

Upon Plaintiff's arrival at CSP-Corcoran, Plaintiff submitted several forms and exhausted all available levels for relief regarding his treatment plan to no avail in the period from 2012 through 2015. At some point, Dr. Clark approved of Tylenol, but stated that his supervisor would not let him grant a chrono or a back brace from the incident in 2010. Dr. Wang also approved of Tylenol, but further stated that his supervisor would not let him provide Plaintiff with a chrono or back brace. Dr. Wang also reportedly told Plaintiff he could submit a CDCR 602/Medical Form or ADA (1824) Form or take it to court. Dr. Kim also approved of Tylenol, but denied Plaintiff a chrono or back brace as a "necessity in treatment plan/rehabilitation plan." (ECF No. 8, p. 6.) Plaintiff also alleges that an unknown individual ("John Doe") took x-rays and showed results.

As relief, Plaintiff seeks injunctive relief, including a chrono and back brace, along with compensatory and punitive damages. Additionally, Plaintiff suggests that he sought relief in "all

3

lower courts," including Kings County Superior Court, California Court of Appeal, and the California Supreme Court, but was denied for being a vexatious litigant. (ECF No. 8, pp. 6-7.)

**B. Discussion**

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20, and fails to state a cognizable claim upon which relief can be granted. As Plaintiff is proceeding pro se, he will be granted an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the following pleading and legal standards that appear applicable to his claims.

### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff fails to include factual allegations describing what happened, when it happened and who was involved. Plaintiff's conclusory assertions that he was denied certain forms of treatment are not sufficient.

### 2. Federal Rules of Civil Procedure 18, 20

A party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. However, multiple parties may be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint *only if* the claims have similar factual backgrounds and have common issues of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir.1997).

Here, Plaintiff appears to bring claims against defendants at R. J. Donovan and against defendants at CSP-Corcoran. Although the claims relate to an injury to his back, they involve unique claims against doctors at R. J. Donovan shortly after his asserted injury versus claims against doctors at CSP-Corcoran regarding later treatment following his transfer from R. J. Donovan. If Plaintiff elects to amend his complaint, he must choose which defendants he would like to proceed against in this action. Plaintiff is advised that R. J. Donovan is not located in this judicial district.

### 3. Doe Defendants

Plaintiff has asserted claims against unknown defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). Plaintiff is advised that Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for the Does.

### 4. Eighth Amendment – Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391

5

F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994). Negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008).

Here, Plaintiff fails to state a cognizable claim against any of the defendants regarding his medical treatment. At best, Plaintiff has alleged a disagreement between himself and his medical providers regarding the need to pursue one course of treatment over another. A difference of opinion does not amount to deliberate indifference, and Plaintiff has failed to establish that the course of treatment the doctors chose was medically unacceptable under the circumstances. Jackson, 90 F.3d at 332; Sanchez, 891 F.2d at 242. Plaintiff will be given an opportunity to cure this deficiency to the extent he is able to do so in good faith.

### III.     Conclusion and Order

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20, and fails to state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding in pro se, the Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Notice of Appeal filed on November 22, 2016, is DISREGARDED;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Plaintiff's first amended complaint, filed December 4, 2015 (ECF No. 8), is dismissed for failure to comply with Federal Rules of Civil Procedure 8, 18, 20, and for failure to state a claim upon which relief can be granted;

4. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

5. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and for failure to obey a court order.**

IT IS SO ORDERED.

Dated: **May 9, 2017** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE