# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | Case No.: 1:15-cv-01746-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| CLARK, et al., | |
| Defendants. | FOURTEEN-DAY DEADLINE |

Plaintiff Jesse L. Youngblood ("Plaintiff"), a state prisoner, proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 9, 2017, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 15.) Plaintiff's second amended complaint, filed on May 19, 2017, is currently before the Court for screening. (ECF No. 16.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Corcoran ("CSP-Corcoran"), where the events in the complaint are alleged to have occurred. Plaintiff names Dr. Clark, Dr. Jeffrey Wang, Dr. Kim, John Doe One and John Doe Two as defendants. In summary, Plaintiff alleges that he injured his back, neck and shoulders during transfer from Salinas Valley State Prison to R. J. Donovan. Plaintiff further alleges that Defendants Clark, Wang, Kim and John Does One and Two have violated his rights to medical care and treatment by denying him a back brace. Plaintiff requests compensatory and punitive damages, along with injunctive relief.

///
///
///

2

**III. Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff fails to include factual allegations describing what happened, when it happened and who was involved. Plaintiff's conclusory assertions that he was denied certain a back brace are not sufficient.

**B. Federal Rules of Civil Procedure 18, 20**

A party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. However, multiple parties may be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint *only if* the claims have similar factual backgrounds and have common issues of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir.1997).

Here, Plaintiff appears to bring claims against defendants at R. J. Donovan and against defendants at CSP-Corcoran. Although the claims relate to an injury to his back, neck and shoulders, they involve unique claims against doctors at two different facilities during two different time periods.

**C. Eighth Amendment – Deliberate Indifference**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994). Negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191-1192 (E.D. Cal. 2008).

Here, Plaintiff fails to state a cognizable claim against any of the defendants regarding his medical treatment. At best, Plaintiff has alleged a disagreement between himself and his medical providers regarding the need to pursue one course of treatment over another. A difference of opinion does not amount to deliberate indifference, and Plaintiff has failed to establish that the course of treatment the doctors chose was medically unacceptable under the circumstances. Jackson, 90 F.3d at 332; Sanchez, 891 F.2d at 242.

///

///

4

**IV. Conclusion and Recommendation**

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20, and fails to state a claim upon which relief may be granted under section 1983. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20, and failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 22, 2017**            /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE